UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. EDWARDS, | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO. 3:16-cv-1278(RNC) |
| | : |
| SCOTT SEMPLE, | : |
| Respondent. | : |
| | : |

RULING AND ORDER

Petitioner was found guilty by a state court jury of assaulting a correction officer.  He brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the prosecutor used a peremptory challenge to exclude an African-American woman from the jury in violation of the Equal Protection Clause of the Fourteenth Amendment.  Petitioner's claim was rejected on the merits by the Connecticut Supreme Court.  See State v. Edwards, 102 A.3d 52, 58, 66-75 (Conn. 2014).  Petitioner contends that the Connecticut Supreme Court failed to correctly apply Batson v. Kentucky, 476 U.S. 79 (1986), and its progeny.[1]  However, he has not shown that the

---

[1] Batson limits "the traditionally unfettered prerogative of exercising peremptory strikes by forbidding certain discrimination in jury selection." Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007); see Filozof v. Monroe

Court's application of Batson is objectively unreasonable, as he must in order to obtain federal habeas relief under § 2254. Accordingly, the petition is dismissed.

Background

During voir dire at petitioner's assault trial, the prosecutor asked a venireperson, C.D., to explain why, in response to an optional question concerning race on the juror questionnaire, she had written "human." C.D. explained, "Because that is the race I belong to." ECF 24-12 at 34. The prosecutor then used a peremptory challenge to exclude C.D. from the jury. Id. at 40. Defense counsel objected, observing that C.D. appeared to be "an African-American woman." Id. at 40-41. In accordance with Batson, the trial court called upon the prosecutor to offer a race-neutral explanation for the peremptory challenge. In response, the prosecutor explained that C.D.'s answer to the question about race concerned him because it "seemed outside of the norm" and "unusual." Id. at 41-42. He added that he had never seen an answer like C.D.'s, and it stuck out as "odd." Id. at 43. He also noted that

---

Cmty. Coll., 411 F. App'x 423, 424 (2d Cir. 2011) ("In its landmark decision of Batson, the Supreme Court held that the use of racially-motivated peremptory challenges during jury selection is prohibited by the United States Constitution." (citation omitted)); Walker v. Girdich, 410 F.3d 120, 123 (2d Cir. 2005) ("[U]nder Batson and its progeny, striking even a single juror for a discriminatory purpose is unconstitutional.").

another African-American woman had been selected as a juror. Id. at 41.  The trial court found that the prosecutor had proffered a "nondiscriminatory explanation" for the peremptory challenge that was not pretextual and overruled the objection. Id. at 44-45.

On appeal, the Connecticut Supreme Court analyzed petitioner's claim in accordance with Batson and its progeny and upheld the trial court's ruling.  Edwards, 102 A.3d at 66-75. The Court agreed with the trial court that the prosecutor's explanation for the peremptory challenge was facially race-neutral.  Id. at 71.  The prosecutor's explanation permissibly divided the "venirepersons into two potential categories: (1) those who answered the questionnaire in a normal or usual way; and (2) those who, like C.D., answered the questionnaire with an unusual response that the prosecutor and court had not seen before.  Each of these categories could include, or not include, racial minorities."  Id. (relying on Hernandez v. New York, 500 U.S. 352, 360 (1991)(stating that "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral").  Next, the Court considered whether the prosecutor's explanation should have been rejected as merely a pretext for intentional discrimination. The Court agreed with the State that petitioner had "not

established even one of the factors . . . generally consider[ed] in determining that a party's explanation for a peremptory challenge is pretextual." Id. at 73.² Therefore, there was no basis for "second-guess[ing] the trial court's findings." Id. The Court added that the "prosecutor did not question C.D. in a perfunctory manner," there was "no evidence of a pattern of discrimination or disparate treatment in the prosecutor's exercise of peremptory challenges," and there was "insufficient evidence to find any sort of disparate impact from the prosecutor's proffered explanation." Id. at 74.

---

² The Connecticut Supreme Court has

> identified several specific factors that may indicate that [a party's removal] of a venireperson through a peremptory challenge was . . . motivated [by race]. These include, but are not limited to: (1) [t]he reasons given for the challenge were not related to the trial of the case . . . (2) the [party exercising the peremptory strike] failed to question the challenged juror or only questioned him or her in a perfunctory manner . . . (3) prospective jurors of one race . . . were asked a question to elicit a particular response that was not asked of other jurors . . . (4) persons with the same or similar characteristics but not the same race . . . as the challenged juror were not struck . . . (5) the [party exercising the peremptory strike] advanced an explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically . . . and (6) the [party exercising the peremptory strike] used a disproportionate number of peremptory challenges to exclude members of one race . . . .

Id. at 68 (alterations in original) (quoting State v. Latour, 886 A.2d 404, 411 (Conn. 2005)).

Discussion

Congress has limited the authority of a federal court to grant habeas relief to a state prisoner based on a claim that has been adjudicated on the merits in state court. Relief may be granted only if the state decision is "contrary to, or involve[s] an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[3] The Supreme Court has clarified that under the "contrary to" clause, a federal court may grant habeas relief when the state court applied "a rule different from the governing law set forth in [Supreme Court] cases, or . . . decide[d] a case differently than [the Supreme Court] ha[s] done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). A federal court may grant relief under the "unreasonable application" clause "if the state court correctly identifie[d] the governing legal principle . . . but unreasonably applie[d] it to the facts of the particular case." Id. "The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . .

---

[3] A federal court may also grant habeas relief when the state court's decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Carmichael v. Chappius, 848 F.3d 536, 544 (2d Cir. 2017) (quoting 28 U.S.C. § 2254(d)(2)). This prong of the statute is not at issue here.

5

an unreasonable application is different from an incorrect one." Id. As the Second Circuit has recognized, this inquiry embodies a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Carmichael, 848 F.3d at 544-45 (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

To overcome the bar posed by this highly deferential standard, petitioner must show that the state courts failed to reasonably apply Batson. He cannot make this showing. Rather, the record shows that the state courts properly followed Batson.

When a party objects to a peremptory challenge as racially motivated, Batson prescribes a three-step procedure:

> First, the moving party — i.e., the party challenging the other party's attempted peremptory strike — must make a prima facie case that the nonmoving party's peremptory is based on race. Second, the nonmoving party must assert a race-neutral reason for the peremptory challenge. The nonmoving party's burden at step two is very low . . . . [A]lthough a race-neutral reason must be given, it need not be persuasive or even plausible. Finally, the court must determine whether the moving party carried the burden of showing by a preponderance of the evidence that the peremptory challenge at issue was based on race.

Sorto, 497 F.3d at 169 (2d Cir. 2007) (alterations in original)(quoting McKinney v. Artuz, 326 F.3d 87, 97-98 (2d Cir. 2003)).[4]

---

[4] The Connecticut Supreme Court has "eliminated the requirement, contained in the first step of [the Batson] process, that the party objecting to the

Here, the trial court correctly identified defense counsel's objection as a <u>Batson</u> challenge, required the prosecutor to articulate an explanation for the challenge, deemed the explanation facially race-neutral, and concluded that petitioner's objection to the challenge as a pretext for discrimination was insufficiently supported.  On appeal, the Connecticut Supreme Court reviewed the trial court's ruling in light of the requirements of <u>Batson</u> and its progeny.  It agreed with the trial court that the prosecutor's proffered explanation constituted a facially nondiscriminatory reason for the peremptory challenge and declined to disturb the trial court's permissible finding that intentional discrimination based on race had not been shown.  Both determinations reflect a reasonable application of <u>Batson</u> to the facts of this case.  There is no basis for rejecting either determination as objectively unreasonable.

## Conclusion

Accordingly, the petition is hereby dismissed.  No certificate of appealability will be issued.  The Clerk may enter judgment and close the case.

---

exercise of the peremptory challenge establish a prima facie case of discrimination."  <u>Edwards</u>, 102 A.3d at 67 n.16.

So ordered this 29th day of September 2021.

                                                /s/ RNC
                                        Robert N. Chatigny
                              United States District Judge